IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| WILLIE BROOKS | : | NO.  07-705 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                          January 15, 2009

Willie Brooks has been indicted on two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922 (g)(1).  The Government alleges that on December 6, 2006, and again on July 13, 2007, Mr. Brooks (who has previously been convicted of a felony) possessed a Smith & Wesson 9mm handgun, serial number TZU2788.  In anticipation of his up-coming jury trial, various motions have been presented for resolution.[1]

Mr. Brooks filed a Motion to Sever Counts I and II of the Indictment (Doc. No.  35) and a Motion in Limine to Exclude Evidence (Doc. No.  42), directed at excluding evidence of alleged burglary tools seized by police from a black duffle bag they searched following Mr. Brooks's arrest, both of which motions the Government opposes (Doc. No.  43).  The Government has presented a Motion in Limine to Admit Prior Convictions Under Federal Rules of Evidence 404 (b) and 609 (Doc. No.  34), which Mr. Brooks opposes (Doc. Nos.  40 and 41).  For the reasons briefly summarized below, the Court denies the severance motion and the motion to exclude

---

[1]Defendant's initial suppression motion (Doc. No. 20) premised upon the Fourth Amendment was denied by Order (Doc. No. 32).

from trial the burglary tools seized by the police. The Court will reserve decision on the Government's motion to present evidence of Mr. Brooks's prior burglary convictions, pending the commencement of trial in order to permit the Court and counsel to have a better understanding of what issues may be relevant to the case.

**FACTUAL BACKGROUND**

This case concerns criminal conduct allegedly undertaken by Mr. Brooks on two occasions, one occurring in Radnor Township on December 6, 2006, and the second on July 13, 2007 in Newtown Township. As to the latter incident, according to the Government, in the early morning hours of July 13, 2007 police officer Paul Deppi observed a gray minivan speed through a red light. When Officer Deppi gave chase, the driver of the minivan fled. Another police officer soon joined the effort. While fleeing, the minivan driver drove into Tyler State Park and collided with the police cars before eventually being halted by the officers. The driver (later identified as Mr. Brooks) refused to yield or to cooperate with the officers. This conduct allegedly prompted the second officer to draw his gun and approach the minivan, while Officer Deppi opted for his taser as an effort to use the minimum force reasonable under the circumstances to subdue and secure Mr. Brooks. Eventually, Mr. Brooks was handcuffed.

The officers conducted an immediate search of Mr. Brooks who was wearing work-type overalls. On his person they found a screwdriver, flashlight and gloves. It was determined that the minivan was registered in Mr. Brooks's name, and it was towed to a secured lot. Law enforcement authorities also learned in relatively short order that Mr. Brooks was on probation in Bucks County and that he had a lengthy history of prior residential burglary convictions. After obtaining a search warrant for the minivan, the police seized from the vehicle a large black duffel

bag in which they found a 9mm handgun, serial no. TZU2788 (registered to Mr. Brooks's live-in girlfriend), that was loaded with 15 rounds.  They also found in the bag a Pennsylvania license plate (subsequently determined to have been stolen), along with a camouflage mask, an orange mask mimicking "The Thing," a buck knife, binoculars, two pairs of gloves, various maps of Mid-Atlantic states, another loaded magazine for the gun, and a backpack.  Elsewhere in the minivan, the search also resulted in seizure of a wallet containing Mr. Brooks's driver's license and credit cards, as well as the vehicle registration in Mr. Brooks's name, $25 cash, another pair of gloves and a cell phone.

      The police processed the gun through the state police's crime lab where it was apparently determined to be a ballistics match to bullets fired at police during an incident in Radnor Township on December 6, 2006, some seven months earlier.  The Radnor incident had concerned an early morning hour emergency call to police in order to report a prowler in a residential neighborhood.  The prowler had opened fire on the police but escaped apprehension.  No witness specifically identified Mr. Brooks as the prowler, though a description of clothing and other physical characteristics was provided.  According to the Government, the evidence to be presented will include reference to a cellular phone call from Mr. Brooks to his girlfriend concerning the Radnor incident.  The Government contends that Mr. Brooks made incriminating statements during that call.

I.    **<u>SEVERANCE MOTION</u>**

      Any consideration of a motion to sever must begin with Federal Rule of Criminal Procedure 8(a) which sets a high wall for Mr. Brooks to try to scale in order to achieve the requested severance.

Rule 8(a) itself offers considerable flexibility for the joiner of offenses in a single indictment and prosecution, as long as there is some logical relationship between the charges articulated by the Government. Moreover, even if that logical relationship is lacking, in order to achieve severance "a defendant claiming an improper joinder under [Rule 8(a)] must prove actual prejudice from the misjoinder." United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987).

In this case, the Court concludes that there is a sufficient basis for the Government's claim of a nexus between the two counts of the indictment to permit the case to proceed in tact, notwithstanding the seven-month separation of the two alleged incidents. Both counts charge a violation of 18 U.S.C. § 922(g)(1) emanating from confrontations with police in which the same handgun was implicated, attended by physical evidence and conduct consistent with actual or potential early-morning residential burglary activity in areas experiencing a rash of such criminal conduct. Both events involve an adult male wearing work overalls who, when confronted by police, responded with aggression.

Although the two events were separated by seven months and more than a few miles in two different Philadelphia suburbs, they sufficiently share enough connection to invoke the presumption of judicial economy and service to the public interest addressed by joinder of offenses for a single trial. Zafiro v. United States, 506 U.S. 534, 539 (1993). In short, the charges share, while certainly not overwhelming identity, nonetheless sufficient "transactional nexus" to permit them to go forward together to trial. United States v. McGill, 964 F.2d 222, 241 (3d Cir. 1992), cert. denied, 506 U.S. 1023 (1992).

Mr. Brooks has not demonstrated the risk of unacceptable prejudice (recognizing that any criminal charges presented for trial "prejudice" a defendant in some regard) to overcome the

favor that the procedural rules and case law hold for a single trial in circumstances such as those presented here.  Indeed, Mr. Brooks is obliged to demonstrate "clear and substantial prejudice" if he wishes to achieve severance of these counts, and he would need to persuade the Court that the risk of inconsistent verdicts is markedly less than the prejudice visited upon him by having to defend against the two counts.  Gorecki, 813 F.2d at 43; United States v. Sebetich, 776 F.2d 412, 427 (3d Cir. 1985).  Unless Mr. Brooks could show (which he has not) that a single trial of both of the pending counts would subject him to fundamental unfairness, the Court must deny this motion.  United States v. Quintero, 38 F.3d 1317, 1343 (3d Cir. 1994).

The Court is confident that the defense concern of potential jury confusion between the two events will not come to pass inasmuch as the two incidents that form the cores of the two counts against Mr. Brooks will necessarily be described by the evidence (and counsel) according to their respective particulars.  In addition, of course, the Court will admonish the jury to consider independently the two counts and the evidence relating to each of them.  There is no reason to expect the jury to either refuse or be unable to follow such an admonition.  Indeed, it may very well be that when the jury evaluates the evidence and contemplates the nature and basis of the two charges, the jury could reach a verdict that operates in Mr. Brooks's favor, a result that might be more elusive if each count was separately tried by two different juries.

For these reasons, the motion to sever will be denied.

## II.   ADMISSIBILITY OF SEIZED BURGLARY TOOLS

When Mr. Brooks was arrested on July 13, 2007, the police recovered from Mr. Brooks's person a screwdriver, flashlight and gloves.  A subsequent warrant-based search of the minivan Mr. Brooks was driving at the time of his arrest led to the seizure of the handgun and

ammunition at issue as well a car license plate, a camouflage mask, a character mask, a buck knife, binoculars, three more pairs of gloves, maps, a wallet, a cellular phone and $25 in cash. Although Mr. Brooks's motion does not specifically list the precise items he asks the Court to exclude from the trial, the Court interprets the scope of the motion as relating to items seized from Mr. Brooks's person, as well as from the duffel bag and elsewhere in the car, namely, the screwdriver, the flashlight, all of the pairs of gloves, the two masks and the buck knife. The upshot of the current motion is that this evidence is not relevant to the charged offenses and, in any case, to permit the jury to consider this evidence would violate Federal Rule of Evidence 403 because of its unfairly prejudicial character, i.e., it tends to portray Mr. Brooks as a burglar, something he is not charged with here, and could result in a conviction premised upon that conduct rather than the conduct charged.

   Rule 402 sets out the admissibility threshold concept that evidence must be relevant in order to be considered in the first instance. Of course, relevant evidence is that which has "the tendency to make the existence" of any material fact "more or less probable than it would be without the evidence." F.R. Ev. 401. Mr. Brooks argues that the burglary tools do not figure into a consideration of whether or not he was in possession of the gun on the two occasions, which are the only charges against him. Hence, he contends, the evidence does not meet the relevancy test.

   While Mr. Brooks's analysis may be appropriate for the gun possession charge relating to the July 13, 2007 incident, his possession of the burglary tools does fit within the Government's articulation of its theory of how it will try to prove the charge arising from the December 6, 2006 event. In that incident, a prowler in a residential neighborhood was interrupted in the course of

burglary-suspected conduct. The offender fired upon police officers as he escaped. The Government contends that the burglary tools circumstantially tie Mr. Brooks to that incident. As such, the Government has at least minimally met its relevancy burden to explain how the evidence would allow for reasonable inferences to be made from the disputed evidence on a material issue. See, United States v. Morley, 199 F.3d 129, 137 (3d Cir. 1994); United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992).

With respect to the risk of unfair prejudice visited upon a defendant by probative evidence, the Court is obliged to weigh the competing concerns. United States v. Mastrangelo, 172 F.3d 288, 294-95 (3d Cir. 1999). In this case, while the Government would be hard pressed to make a credible argument that the evidence was needed to make out its case on the July 2007 incident, as discussed above, it does appear to the Court that there is a genuine need for the evidence in order to permit the Government to try to present a logical nexus between Mr. Brooks and the early events. United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cr. 1996) cert. denied, 519 U.S. 1141 (1997). The Court is prepared to closely monitor the Government's use of this evidence so that unwarranted emphasis is not placed upon either it or by references to burglary activities (either by Mr. Brooks or by unknown others). The Court will give appropriate limiting instructions as to the jury's consideration of this evidence.[2] Thus, the Court is satisfied that the risk of undue prejudice will be satisfactorily ameliorated such that there is no "overwhelming probability" that the jury's rational evaluation of the case will be overcome by the disputed

---

[2] Mr. Brooks's counsel is encouraged by the Court to submit for the Court's review proposed language for such limiting instructions for delivery both at the time the evidence is admitted and after all the evidence has been received and the record closed when the Court's complete instructions are presented.

evidence. See United States v. Bradley, 173 F.3d 225, 230 (3d Cir. 1999); United States v. Vaulin, 132 F.3d 898, 901 (3d Cir. 1997). Accordingly, Mr. Brooks's motion in limine is denied.[3]

### III.    EVIDENCE OF PRIOR BURGLARY CONVICTIONS

The Government invokes evidence Rules 404(b) and 609 in seeking a ruling that it may offer evidence of Mr. Brooks' prior convictions for burglary.[4]

Under Rule 404(b) this proposed evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Until the Court has a reason to expect that one or more of these issues (or their functional equivalents) are genuinely involved in this case, there is an insufficient basis for ruling definitively one way or the other on this motion. On the state of the current proposed presentation of this case, it does not appear to the Court that there is any material issue in dispute that would offer the Government a legitimate hook on which to hang evidence of any prior burglary evidence (all of which in any discrete part, the Court notes with caution and concern, is between 14 and 17 years remote in time to any event to be addressed at this trial).

Therefore, unless and until it appears either (1) that a specific issue recognized by Rule 404(b) is genuinely implicated in this trial or (2) that Mr. Brooks will be testifying, because of the remoteness in time and the inherent risk of mistake or confusion, as well as undue prejudice

---

[3]In reaching this conclusion, the Court is also considering the great wariness with which the Court considers the Government's request to introduce evidence of Mr. Brooks's prior burglary convictions, addressed infra.

[4]According to the Government's brief, Mr. Brooks's "prior convictions include approximately 30 prior convictions for burglary during the years 1990 to 1992." (Gov't Br. at 3) The defense does not dispute that general assertion.

or risk of being used as "proclivity" evidence, the Court will not at this time authorize the Government to offer evidence of Mr. Brooks's prior convictions.[5]  The Government may raise the issue again at trial if it deems appropriate.

**CONCLUSION**

For the foregoing reasons, the defense motions are denied and the Government's motion is held in abeyance, pending the start of the trial during which the Government can reactivate its motion to offer the prior convictions evidence.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[5] In the event such an issue does present itself during trial, or if Mr. Brooks elects to testify, the Court will undertake a more intense analysis under Rule 404(b) or Rule 609, as appropriate.  To the extent the Court may permit the Government to use any of this evidence, the Government will be required to choose no more than four prior convictions that are least remote in time and most useful, in the Government's view, to proving the issue(s) at hand.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| vs. | : | |
| WILLIE BROOKS | : | NO. 07-705 |

**O R D E R**

AND NOW, this 15th day of January, 2009, as set forth in the accompanying Memorandum of Law, it is hereby **ORDERED:**

1. Defendant's Motion to Sever (Doc, No. 35) is **DENIED**;

2. Defendant's Motion in Limine to Exclude Evidence (Doc. No. 42) is **DENIED**; and

3. The Government's Motion in Limine to Admit Prior Convictions Under F.R. Ev. 404(b) and 609 (Doc. No. 34) is **HELD IN ABEYANCE** pending trial developments, with permission granted to the Government to raise the issue again if warranted.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge